UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERTO FILHO,<br><br>    Plaintiff,<br><br>    v.<br><br>CHINATOWN COMMUNITY DEVELOPMENT CENTER, INC., et al.,<br><br>    Defendants. | Case No. 21-cv-05664-WHO<br><br>**ORDER DENYING MOTION FOR DEFAULT JUDGMENT AND SETTING ASIDE ENTRY OF DEFAULT**<br><br>Re: Dkt. Nos. 29, 30, 33 |

Pro se plaintiff Roberto Filho filed a motion for default judgment against defendant Chinatown Community Development Center, Inc. ("CCDC") on the grounds that CCDC did not timely answer Filho's complaint. CCDC has moved to set aside the default and is ready to defend the lawsuit. Under Civil Local Rule 7-1(b), these matters are appropriate for resolution without oral argument and the related hearings on December 16, 2021, and January 19, 2022, are VACATED.

Default judgments are disfavored in the law, and it appears in any event that CCDC was not properly served with the summons and complaint. Accordingly, the motion for a default judgment is DENIED. I find that good cause also exists to set aside the default entered on November 16, 2021, and, as a result, CCDC's pending motion to set aside default is TERMINATED as moot.

**BACKGROUND**

Filho filed this lawsuit on July 23, 2021, alleging that CCDC and a second defendant, Jason Bermak, violated the Fair Housing Act ("FHA") by denying Filho's request to move to an apartment that better accommodates Filho's disabilities. Compl. [Dkt. No. 1] ¶¶ 6, 19-21. Filho describes himself as having "a physical disability which substantially limits his life activity,"

including traumatic brain injury ("TBI"), human immunodeficiency virus ("HIV"), and "damage to the bladder and prostate tissues." *Id.* at ¶¶ 6-7. Filho contends that he submitted a written request to a CCDC site manager seeking to move into a one-bedroom apartment with a private kitchen and bathroom, which he says will "greatly improve his physical and emotional health." *See id*. at ¶¶ 8, 18. Filho alleges that CCDC denied this request. *Id*. at ¶ 20.

CCDC is a domestic nonprofit California corporation with a publicly designated registered agent for service of process. Oppo. to Mot. for Default J. ("Oppo.") [Dkt. No. 32] 5:3-4. Calvin Ho is the CCDC's registered agent for service of process with the California Secretary of State. *Id*. at 5:4-5 (citing Ho Decl., Ex. A).

On September 7, 2021, a return of service form was filed for service of the summons and complaint on CCDC. Dkt. No. 12. Much of the form was blank. *See id*. None of the boxes were checked on the form certifying either (1) that service was made or (2) that the person, company, or corporation to be served could not be located. *See id*.

On September 24, 2021, another return of service form was filed with regard to CCDC. Dkt. No. 15. The same boxes were blank. *See id*. This form, however, listed the name of a person purportedly served: Loktin Law, on September 23, 2021, at 11:25 a.m. *Id*.

According to CCDC, Law was an office manager who amicably left CCDC's employment on September 24, 2021. Oppo. at 5:7-10. CCDC states that it has "no record of receiving the summons and complaint," and that the papers "have never been located at CCDC" nor received by Ho. *Id*. at 5:11-12. CCDC states that it only became aware of this action when CCDC corporate headquarters received a notice and motion to decline video recording on October 13, 2021. *Id*. at 5:12-15.

Filho filed this motion for default judgment on November 12, 2021. Dkt. No. 29. The Clerk entered default on November 16, 2021.[1] Dkt. No. 30.

## LEGAL STANDARD

Under Federal Rule of Civil Procedure 55(b)(2), a plaintiff can apply to the district court

---

[1] CCDC filed a motion to set aside default on November. 26, 2021. Dkt. No. 33. Although this Order focuses on Filho's motion, its resolution renders CCDC's motion moot.

United States District Court
Northern District of California

for a default judgment against a defendant who failed to plead or otherwise defend against the action. Default judgments are generally disfavored, as "[c]ases should be decided upon their merits whenever reasonably possible." *Eitel v. McCool*, 782 F.2d 1470, 1472 (9th Cir. 1986). "Even if entry of default has been made by the court clerk, granting a default judgment is not automatic; rather, it is left to the sound discretion of the court." *PepsiCo v. Triunfo-Mex, Inc.*, 189 F.R.D. 431, 432 (C.D. Cal. 1999). In addition, Rule 55(c) allows the court to set aside an entry of default for good cause.

As a preliminary matter, when deciding whether to grant default judgment, the court must "assess the adequacy of the service of process on the party against whom default is requested." *Trustees of ILWU-PMA Pension Plan v. Coates*, No. C-11-3998-EMC, 2013 WL 556800, at *4 (N.D. Cal. Feb. 12, 2013) (internal citation omitted).

Federal Rule of Civil Procedure 4(h) governs service on a corporation, partnership, or association. It provides that service must be made either "in the manner prescribed by Rule 4(e)(1) for serving an individual" or by delivering a copy of the summons and complaint "to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process and—if the agent is one authorized by statute and the statute so requires—by also mailing a copy of each to the defendant." Fed. R. Civ. P. 4(h)(1)(A)-(B).

Rule 4(e)(1) permits service by "following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made."

California law allows for service on a corporation by delivering a copy of the summons and complaint to the person designated as agent for service of process or a designated corporate officer. Cal. Civ. Proc. Code § 416.10(a)-(b). If personal service cannot be accomplished with "reasonable diligence," California law permits substituted service, where

> a summons may be served by leaving a copy of the summons and complaint during usual office hours in [the person to be served's] office . . . and by thereafter mailing a copy of the summons and complaint by first-class mail, postage prepaid to the person to be served at the place where a copy of the summons and complaint were left.

3

*Id*. § 415.20(a); *Bd. of Trustees of the Laborers Health & Welfare Tr. Fund for N. Calif. v. Montes Bros. Constr., Inc.*, No. C-14-1324-EMC, 2014 WL 10558801, at *2 (N.D. Cal. Oct. 10, 2014) ("Personal service must first be attempted with 'reasonable diligence' before a party can resort to substituted service."). California courts have held that two or three attempts at personal service generally constitute reasonable diligence. *Id*.

## DISCUSSION

Filho argues that he is entitled to default judgment because CCDC did not timely answer his complaint. Mot. for Default J. ("MDJ") [Dkt. No. 29] 4. He asserts that CCDC was "legally served" by the U.S. Marshals on September 23, 2021, and did not answer the complaint by October 14, 2021, as required by the Federal Rules of Civil Procedure. *See id*. He seeks judgment, including the new apartment and $50,000. *Id*. at 2. CCDC' responds that it was not properly served under the Federal Rules or California law, and that Filho's complaint failed to state a plausible claim, precluding default judgment.[2] *Id*. at 8-9.

Because default judgments are disfavored and CCDC appears ready to litigate this matter, I exercise my discretion to deny Filho's motion and set aside the entry of default. Service was also problematic, further supporting my decision. The U.S. Marshal did not deliver a copy of the summons and complaint on the registered agent for service, Ho. *Id*. at 7:18-19. Instead, the Marshal "left a copy of the summons and complaint with an unauthorized person." *Id*. at 7:20-21. The September 24, 2021, return of service indicates that service was "not effected," argues CCDC, because most of the form was left blank and the Marshal "did not certify (1) that any service had been accomplished, whether personal or substituted, or (2) that the Marshal could not locate the individual, company, or corporation named in the return of service." *Id*. at 7:23-26.

CCDC was apparently not properly served directly under Rule 4(h)(1)(B). It is unclear from the returns of service filed that anyone was ever served with a copy of the complaint and summons. Although the September 24, 2021, document indicates that papers were served on Law,

---

[2] Because I am denying Filho's motion for insufficient service and setting aside the entry of default, I do not address CCDC's argument about the sufficiency of Filho's complaint in this Order.

4

none of the boxes were checked confirming service was made.  The incomplete forms provide no clarity as to whether service was properly made in any form.  And even assuming that Law was in fact served with a copy of the summons and complaint, service would still be insufficient under Rule 4(h)(1)(B) because he was not an "officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process."  *See* Fed. R. Civ. P. 4(h)(1)(B).  Ho, not Law, is the CCDC's authorized agent for service of process—and is publicly registered as such.

Service was also not proper under California law because there was no "reasonable diligence" at personal service, which requires a minimum of three attempts.  Oppo. at 8:6-13.  "At best," CCDC asserts, "the Marshal may have made one attempt, then dropped the papers at the desk on the second attempt."  *Id*. at 8:10-12.  And substitute service did not occur because the papers were not mailed after they were purportedly delivered.  *See id*. at 8:14-16.

In sum, both because CCDC is ready to defend its interests on the merits and service was apparently improper in any event, the default is set aside and Filho's motion is DENIED.

## CONCLUSION

Because CCDC was not properly served under federal or California law, Filho's motion for default judgment is DENIED.  For these reasons, good cause also exists to set aside the entry of default.  CCDC's pending motion to set aside default is TERMINATED as moot.

Filho filed an amended complaint on December 9, 2021.  Dkt. No. 35.  CCDC is hereby deemed served with this complaint.  Given the upcoming holidays, I will allow responsive pleadings or motions from both defendants, CCDC and Bermak, to be filed by January 5, 2022. Defendants should coordinate the briefing/hearing schedule with each other and Filho to the extent practicable.

**IT IS SO ORDERED.**

Dated: December 9, 2021



William H. Orrick
United States District Judge