UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERTO FILHO,<br><br>    Plaintiff,<br><br>    v.<br><br>CHINATOWN COMMUNITY DEVELOPMENT CENTER, INC.,<br><br>    Defendant. | Case No. 21-cv-05664-WHO<br><br>**ORDER CONVERTING MOTION TO DISMISS INTO MOTION FOR SUMMARY JUDGMENT**<br><br>Re: Dkt. No. 57 |

    Defendant Chinatown Community Development Center ("CCDC") moves to dismiss the Second Amended Complaint ("SAC") filed by pro se plaintiff Roberto Filho, who alleges that CCDC violated the Fair Housing Act ("FHA") by refusing to refer his request for a new apartment to another housing agency and thus, failing to accommodate his disability. The dispositive question is whether CCDC in fact has a contract or any sort of relationship with that other housing agency under which it forwards such requests, so that it might plausibly be liable under the FHA. CCDC has proffered evidence showing that no such contract exists. Accordingly, I will CONVERT this motion to dismiss into one for summary judgment under Federal Rule of Civil Procedure 12(d) and give the parties additional time to respond and reply.

**BACKGROUND**

    Filho describes himself as having a "physical disability which substantially limits his life activities," including traumatic brain injury, human immunodeficiency virus ("HIV"), chronic fibrosis, and bladder and prostate issues. SAC [Dkt. No. 54] ¶¶ 6-7. On January 6, 2021, Filho and his social worker submitted a written request to a CCDC site manager seeking to move to a one-bedroom apartment with a private kitchen and bathroom. *Id*. ¶¶ 10-11. Filho contends that this accommodation is necessary for him to use and enjoy his dwelling because the ability to "prepare his own healthy meals is very essential," and because he often experiences "uncontrolled

1   urination." *Id.* ¶ 9.

2   According to Filho, the site manager told him and his social worker that the transfer
3   request must be sent to CCDC, then CCDC would send his request to Direct Access to Housing
4   ("DAH"), a housing program in San Francisco. *See id.* ¶ 11. The SAC alleges that DAH "has the
5   authority" over the property where Filho sought to be transferred: the Derek Silva Apartments,
6   housing for people living with HIV that is located at 20 Franklin Street. *See id.* ¶¶ 13, 17. The
7   site manager allegedly told Filho that CCDC had a contract with DAH. *See id.* ¶ 11.

8   Filho alleges that he asked CCDC for an update on his request on July 14, 2021, and was
9   told that CCDC could not provide the accommodation. *Id.* ¶ 18.

10  Filho filed suit on July 23, 2021, alleging that CCDC and another defendant, Jason
11  Bermak, violated the FHA by not providing the request apartment. Dkt. No. 1. After three
12  motions to dismiss, I dismissed the claim against Bermak with prejudice but granted Filho leave to
13  amend the claim against CCDC. *See* Dkt. Nos. 34, 53. He filed the SAC on May 3, 2022, which
14  CCDC moved to dismiss three weeks later. Dkt. Nos. 54, 57.

**LEGAL STANDARD**

Under Federal Rule of Civil Procedure 12(b)(6), a district court must dismiss a complaint if it fails to state a claim upon which relief can be granted. To survive a Rule 12(b)(6) motion, the plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is facially plausible when the plaintiff pleads facts that allow the court to "draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). There must be "more than a sheer possibility that a defendant has acted unlawfully." *Id.* While courts do not require "heightened fact pleading of specifics," a plaintiff must allege facts sufficient to "raise a right to relief above the speculative level." *See Twombly*, 550 U.S. at 555, 570.

In deciding whether the plaintiff has stated a claim upon which relief can be granted, the court accepts his allegations as true and draws all reasonable inferences in his favor. *See Usher v. City of Los Angeles*, 828 F.2d 556, 561 (9th Cir. 1987). However, the court is not required to accept as true "allegations that are merely conclusory, unwarranted deductions of fact, or

1   unreasonable inferences." *In re Gilead Scis. Sec. Litig.*, 536 F.3d 1049, 1055 (9th Cir. 2008).

2   If, on a Rule 12(b)(6) motion, matters beyond the pleadings are presented to and not
3   excluded by the court, "the motion must be treated as one for summary judgment under Rule 56."
4   Fed. R. Civ. P. 12(d). If the motion is treated as such, "[a]ll parties must be given a reasonable
5   opportunity to present all the material that is pertinent to the motion." *Id*.

## DISCUSSION

The FHA prohibits discrimination against a person "in the terms, conditions, or privileges of sale or rental of a dwelling, or in the provision of services or facilities in connection with such dwelling" because of a person's disability. 42 U.S.C. § 3604(f)(2). The FHA's definition of discrimination includes "a refusal to make reasonable accommodations in rules, policies, practices, or services, when such accommodations may be necessary to afford such person equal opportunity to use and enjoy a dwelling." *Id*. § 3604(f)(3)(B). The "use and enjoyment" of a dwelling is not "limited to a complete denial of the use of a home." *See McGary v. City of Portland*, 386 F.3d 1259, 1262 (9th Cir. 2004). "It is well-settled that 42 U.S.C. § 3604(f)(3)(B) imposes an 'affirmative duty' on public agencies to reasonably accommodate disabled individuals by modifying administrative rules or policies." *Id*. at 1264.

To establish a claim under the FHA for failure to provide a reasonable accommodation, a plaintiff must show: (1) the plaintiff has a disability; (2) the defendant knew or should reasonably be expected to know of the disability; (3) accommodation of the disability may be necessary to afford the plaintiff an equal opportunity to use and enjoy the dwelling; (4) the accommodation is reasonable; and (5) the defendant refused to make the requested accommodation. *See Dubois v. Ass'n of Apartment Owners of 2987 Kalakaua*, 453 F.3d 1175, 1179 (9th Cir. 2006). The SAC alleges that by not forwarding Filho's request for a new apartment to DAH, CCDC refused his request for a reasonable accommodation and violated the FHA. SAC ¶ 14.

CCDC argues that the claim fails for a number of reasons. *See* Mot. to Dismiss ("MTD") [Dkt. No. 57] 4:23-8:8. First, it contends that Filho has not pleaded that the accommodation is required to use his own dwelling, as required by *McGary*. *Id*. at 5:2-8. Rather, CCDC asserts, requesting a transfer to another building is "precisely the opposite of use of his dwelling." *See id*.

3

1  at 5:8. Next, it argues that because CCDC does not own the property located at 20 Franklin Street,
2  it is not the relevant "housing provider" bound under the FHA. *Id*. at 5:12-6:10 (citing in part
3  *Wolf v. City of Millbrae*, No. 21-CV-00967-PJH, 2021 WL 3727072, at *4 (N.D. Cal. Aug. 23,
4  2021)). Third, CCDC contends that Filho's request for a one-bedroom apartment with a private
5  bathroom and kitchen "has no connection to his claimed disability," as required to show that the
6  requested accommodation is necessary under the FHA. *Id*. at 6:11-7:18. Finally, CCDC asserts
7  that there is "no basis for his claim that he is entitled to a larger one-bedroom apartment based on
8  his alleged disability." *Id*. at 7:18-8:8.

9  I am not persuaded by these arguments. CCDC overreads the cases it relies upon.
10 *McGary*, for example, does not expressly state that the accommodation may be necessary for the
11 plaintiff to use and enjoy his own dwelling. *See* 386 F.3d at 1262. Rather, it quotes the required
12 claim elements and replaces "use and enjoy the dwelling" with "use and enjoy [his] dwelling" in
13 describing what McGary needed to show. *See id*. The modification was stylistic, not substantive.
14 Similarly, *Wolf* makes only a passing reference to "the housing provider" and does not explain in
15 any detail who the "relevant" housing provider is under the FHA. *See* 2021 WL 3727072, at *4.

16 Accepting Filho's allegations as true and drawing all reasonable inferences in his favor, he
17 has adequately alleged how a one-bedroom apartment with a private kitchen and bathroom is
18 necessary for him to use and enjoy the dwelling. Filho contends that, because of his various
19 physical disabilities, the ability to "prepare his own healthy meals is very essential" and he often
20 experiences "uncontrolled urination." SAC ¶ 9. It is reasonable to infer that an apartment with a
21 private kitchen and bathroom will help address these issues.

22 But the inherent flaw in Filho's claim is that, as alleged in the SAC, CCDC does not have
23 any authority over 20 Franklin Street. Rather, DAH does. *See id*. ¶¶ 13, 15 ("DAH . . . has the
24 authority over the property of 20 Franklin St."). Whether CCDC violated the FHA depends on
25 what, if any, relationship it has with DAH. If the two entities in fact have a contract, as Filho
26 alleges, that requires or otherwise obligates CCDC to forward accommodation requests to DAH,
27 then CCDC may have violated the FHA in refusing to do so. *See McGary*, 386 F.3d at 1264
28 (noting that the FHA "imposes an 'affirmative duty' on public agencies to reasonably

accommodate disabled individuals by modifying administrative rules or policies"). If there is no such contract, policy, rule, or practice wherein CCDC forwards such requests to DAH, then Filho does not have a claim.

CCDC submitted with its motion to dismiss a declaration from a deputy director, attesting that CCDC's last contract with DAH expired in 2017 and that there currently is no contract between the two entities. MTD, Alvarez Decl. ¶ 4. She further states that "CCDC does not have the ability to refer tenants to DAH." *Id*. In submitting this declaration, CCDC invited me to convert the motion to dismiss to one for summary judgment under Rule 12(d). MTD at 8:9-9:3.

At the hearing on the motion to dismiss Filho's FAC, I considered converting the Rule 12(b)(6) motion into one for summary judgment, but declined to do so because the precise nature of Filho's claim was not alleged in the FAC (i.e., that CCDC violated the FHA by refusing to forward his request to DAH). The SAC now contains these allegations and provides the proper framework for the parties. Accordingly, I will treat this motion as one for summary judgment under Rule 12(d).

In order to give Filho, who is proceeding pro se, a reasonable opportunity to present the material pertinent to this motion, I will give him three weeks to file a new opposition. He should submit any evidence of a contract between CCDC or DAH, of CCDC forwarding requests for reasonable accommodations to DAH, or any other evidence that would show a dispute of material fact as to the relationship between the two entities.

## CONCLUSION

The motion to dismiss Filho's claim is converted to one for summary judgment. Any opposition by Filho is due by August 3, 2022. Any reply by CCDC is due by August 10, 2022. The motion for summary judgment will be heard on August 31, 2022, at 2:00 p.m.

**IT IS SO ORDERED.**

Dated: July 13, 2022

William H. Orrick
United States District Judge