UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| ROBERTO FILHO, | Case No. 21-cv-05664-WHO |
|---|---|
| Plaintiff, | |
| v. | **ORDER DENYING MOTION FOR ENTRY OF PARTIAL FINAL JUDGMENT** |
| CHINATOWN COMMUNITY DEVELOPMENT CENTER, INC., | Re: Dkt. No. 58 |
| Defendant. | |

Jason Bermak moves for entry of partial final judgment in his favor after I dismissed with prejudice the sole claim asserted against him by plaintiff Roberto Filho. The motion is DENIED. This is not an unusual case warranting entry of partial judgment; Bermak will not be prejudiced by waiting for judgment.

**BACKGROUND**

Filho filed suit on July 23, 2021, alleging that Bermak and Chinatown Community Development Center ("CCDC") violated the Fair Housing Act ("FHA") by denying Filho's request to move to an apartment that better accommodates Filho's disabilities. *See* Dkt. No. 1 ¶¶ 6, 19-21. I granted Bermak's motion to dismiss the claim against him, finding that Filho failed to show that Bermak actually denied his request for a new apartment or had any authority to do so, or that Bermak knew about his disability. *See* Dkt. No. 34 at 2-3.

Filho filed an amended complaint on December 9, 2021, which Bermak again moved to dismiss. Dkt. Nos. 35, 38. I dismissed Filho's claim against Bermak, this time with prejudice. Dkt. No. 53 at 6. Filho made only a conclusory allegation that Bermak "was aware of a disability" and did not allege that he had "any authority or role in CCDC's decision-making process." *Id.* at 5-6. I also granted CCDC's motion to dismiss, but gave Filho leave to amend. *Id.* at 6. Filho filed an amended complaint; his claim against CCDC remains pending. *See* Dkt. No. 54.

On May 25, 2022, Bermak file this motion for entry of a partial final judgment in his favor and against Filho. Dkt. No. 58. Filho did not file an opposition.

**LEGAL STANDARD**

Under Federal Rule of Civil Procedure 54(b), when an action involves more than one claim for relief or when multiple parties are involved, "the court may direct entry of a final judgment as to one or more, but fewer than all, claims or parties only if the court expressly determines that there is no just reason for delay."

There is a two-step framework in applying Rule 54(b). First, the court must determine that it has rendered a "final judgment"—"that is, a judgment that is an ultimate disposition of an individual claim entered in the course of a multiple claims action." *Wood v. GCC Bend, LLC*, 422 F.3d 873, 878 (9th Cir. 2005) (citations and quotation marks omitted). Then it must decide whether there is any just reason for delay. *Id.* To determine this, courts consider: "(1) the interrelationship of the certified claims and the remaining claims in light of the policy against piecemeal review; and (2) equitable factors such as prejudice and delay." *Tsyn v. Wells Fargo Advisors, LLC*, No. 14-CV-02552-LB, 2016 WL 7635883, at *2 (N.D. Cal. June 27, 2016).

"The Ninth Circuit disfavors Rule 54(b) judgments," stating that they "must be reserved for the unusual case in which the costs and risks of multiplying the number of proceedings and of overcrowding the appellate docket are outbalanced by pressing needs of the litigants for an early and separate judgment as to some claims or parties." *Sarmiento v. Fresh Harvest, Inc.*, No. 20-CV-07974-BLF, 2022 WL 179685, at *2 (N.D. Cal. Jan. 20, 2022); *Morrison-Knudsen Co., Inc. v. Archer*, 655 F.2d 962, 965 (9th Cir. 1981).

**DISCUSSION**

The dismissal of Filho's claim against Bermak with prejudice constitutes a final judgment, as it was the ultimate disposition of the claim. *See Stewart v. U.S. Bancorp*, 297 F.3d 953, 956 (9th Cir. 2002) ("The phrase 'final judgment on the merits' is often used interchangeably with 'dismissal with prejudice.'"). The question, then, is whether there is any just reason to delay entry of judgment in Bermak's favor.

Bermak argues that there is not. He points out that the allegations made regarding the

2

1  FHA claim against Bermak differed substantially from those regarding the FHA claim still

2  pending against the CDC, which Bermak contends "will not create a risk that an appellate court

3  will have to decide the same factual or legal issue more than one." *See* Mot. [Dkt. No. 58] 4:28-

4  5:10. This is likely true. An appeal of my decision to dismiss the claim against Bermak would

5  turn on whether Filho had adequately alleged that Bermak was aware of Filho's disability or that

6  he played any role in CCDC's decision-making process. The pending claim against CCDC alleges

7  that CCDC's refusal to forward Filho's request for a new apartment to another housing authority

8  constitutes a denial of a reasonable accommodation under the FHA. The claims implicate

9  different factual allegations and different legal issues.

10  But Bermak has not shown any pressing need for judgment now or that he would be

11  prejudiced without it. He argues that he will "incur unnecessary burden and expense monitoring

12  the case pending final resolution" and that without immediate judgment, Filho "could seek to

13  allege some new and different federal claim against Bermak between now and final disposition as

14  to CCDC." Mot. at 5:20-25. Of course, this theoretical possibility exists anytime one defendant is

15  dismissed from ongoing litigation. This is simply not an unusual case warranting piecemeal

16  judgment under Rule 54(b). There is no need for the Ninth Circuit to review two appeals

17  stemming from Filho's disability claims.

**CONCLUSION**

Bermak's motion is DENIED.

**IT IS SO ORDERED.**

Dated: July 14, 2022

William H. Orrick
United States District Judge